UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 7 Case No. 11-10219 (MEW) |
| KENNETH IRA STARR, *et al.*, | Jointly Administered |
| Debtors. | Substantively Consolidated |
| ROBERT L. GELTZER, AS CHAPTER 7 TRUSTEE OF KENNETH IRA STARR, STARR & COMPANY, LLC, and STARR INVESTMENT ADVISORS, LLC, | |
| Plaintiff and Counterclaim Defendant, | |
| - against - | Adv. Pro. No. 14-2446 (MEW) |
| ANNALOU LEIBOVITZ a/k/a ANNIE LEIBOVITZ, LEIBOVITZ STUDIO, INC., 305-307 WEST 11th STREET LLC, and 311 WEST 11th STREET LLC, | |
| Defendants and Counterclaim Plaintiffs. | |

**NOTICE OF DEFENDANTS AND COUNTERCLAIM
PLAINTIFFS' MOTION TO WITHDRAW THE REFERENCE**

PLEASE TAKE NOTICE that upon the accompanying memorandum of law and declaration of Jeffrey Chubak, Defendants and Counterclaim Plaintiffs in the above-captioned adversary proceeding move for an order withdrawing the District Court's reference of such proceeding to the Bankruptcy Court pursuant to 28 U.S.C. § 157(d).

Dated: July 21, 2016
       New York, New York

STORCH AMINI & MUNVES PC

/s/ Jeffrey Chubak
Bijan Amini
Avery Samet
Jeffrey Chubak
140 East 45th Street, 25th Floor
New York, New York 10017
(212) 490-4100

*Attorneys for Defendants and Counterclaim Plaintiffs*

Bijan Amini
Avery Samet
Jeffrey Chubak
STORCH AMINI & MUNVES PC
140 East 45th Street, 25th Floor
New York, New York 10017
(212) 490-4100

*Attorneys for Defendants and Counterclaim Plaintiffs*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>KENNETH IRA STARR, *et al.*,<br><br>            Debtors. | Chapter 7 Case No. 11-10219 (MEW)<br><br>Jointly Administered<br><br>Substantively Consolidated |
| ROBERT L. GELTZER, AS CHAPTER 7 TRUSTEE OF KENNETH IRA STARR, STARR & COMPANY, LLC, and STARR INVESTMENT ADVISORS, LLC,<br>            Plaintiff and Counterclaim<br>            Defendant,<br><br>         - against -<br><br>ANNALOU LEIBOVITZ a/k/a ANNIE LEIBOVITZ, LEIBOVITZ STUDIO, INC., 305-307 WEST 11th STREET LLC, and 311 WEST 11th STREET LLC,<br>            Defendants and Counterclaim<br>            Plaintiffs. | Adv. Pro. No. 14-2446 (MEW) |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS AND COUNTERCLAIM PLAINTIFFS'
<u>MOTION TO WITHDRAW THE REFERENCE</u>**

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................. 1

BACKGROUND .......................................................................................................................... 1

I.   STARR AND BRISTOL PLEAD GUILTY TO CRIMINAL CHARGES .......................... 1

II.  THE PARTIES' CLAIMS ...................................................................................................... 3

III. DISCOVERY IS SCHEDULED TO BE COMPLETED BY SEPTEMBER 30, 2016 ....... 4

ARGUMENT ................................................................................................................................ 4

I.   STANDARD FOR WITHDRAWAL OF THE REFERENCE ............................................ 4

II.  THE RELEVANT *ORION* FACTORS FAVOR WITHDRAWAL .................................... 4

    A.   The District Court Must Preside over the Trial .......................................................... 4

    B.   Considerations of Efficiency Support Withdrawal of the Reference ........................ 6

    C.   The Other *Orion* Factors are Not Implicated ............................................................. 7

CONCLUSION ............................................................................................................................. 7

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Bianco v. Hoehn (In re Gaston & Snow)*,
  173 B.R. 302 (S.D.N.Y. 1994) .................................................................................................5

*Matter of Del. & Hudson Ry. Co.*,
  122 B.R. 887 (D. Del. 1991) ....................................................................................................5

*Dev. Specialists, Inc. v. Peabody Energy Corp. (In re Coudert Bros. LLP)*,
  No. 11-cv-4949, 2011 WL 7678683 (S.D.N.Y. Nov. 23, 2011) ...............................................5

*Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP (In re Coudert Bros. LLP)*,
  462 B.R. 457 (S.D.N.Y. 2011) .................................................................................................6

*Dynegy Danskammer, LLC v. Peabody Coaltrade Int'l Ltd.*,
  905 F. Supp. 2d 526 (S.D.N.Y. 2012) ......................................................................................6

*Geron v. Levine (In re Levine)*,
  No. 11-cv-9101, 2012 WL 310944 (S.D.N.Y. Feb. 1, 2012) ...................................................6

*In re GF Corp.*,
  127 B.R. 384 (Bankr. N.D. Ohio 1991) ...................................................................................5

*Kirschenbaum v. FDIC (In re EMS Fin. Servs., LLC)*,
  491 B.R. 196 (E.D.N.Y. 2013) .................................................................................................7

*Hassett v. BancOhio Nat'l Bank*,
  172 B.R. 748 (S.D.N.Y. 1994) .................................................................................................6

*N. Pipeline Constr. Co. v. Marathon Pipe Line Co.*,
  458 U.S. 50 (1982) ...................................................................................................................5

*Official Comm. of Unsecured Creditors v. Amlicke (The VWE Group, Inc.)*,
  359 B.R. 441 (S.D.N.Y. 2007) .................................................................................................6

*Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*,
  4 F.3d 1095 (2d Cir. 1993) ...............................................................................................passim

*Peterson v. 610 W. 142 Owners Corp. (In re 610 W. 142 Owners Corp.)*,
  219 B.R. 363 (Bankr. S.D.N.Y. 1998) .....................................................................................5

*Solutia v. FMC Corp.*,
  No. 04-cv-2842, 2004 WL 1661115 (S.D.N.Y. July 27, 2004) ...............................................6

**Statutes and Rules**

28 U.S.C. § 157 ........................................................................................................................passim

FED. R. BANKR. P. 7012 ....................................................................................................................3

Defendants and Counterclaim Plaintiffs Annie Leibovitz ("Leibovitz"), Leibovitz Studio, Inc. ("Leibovitz Studio"), 305-307 West 11th Street LLC, and 311 West 11th Street LLC (together, the "Defendants") submit this memorandum of law in support of their motion to withdraw the reference of the above-captioned adversary proceeding (the "Proceeding") to the Bankruptcy Court pursuant to 28 U.S.C. § 157(d).

## PRELIMINARY STATEMENT

The Complaint (defined below) filed by Plaintiff and Counterclaim Defendant Robert L. Geltzer (the "Trustee") asserts only non-core, breach of contract and quantum meruit claims against the Defendants. Defendants have answered the Complaint and asserted non-core counterclaims for negligence and breach of fiduciary duty in order to liquidate their setoff affirmative defense. Defendants have not filed proofs of claim against the Debtors, have not consented to entry of final orders or judgments by the Bankruptcy Court, and have demanded a jury trial. The deadline for the completion of discovery is September 30, 2016, and a final pretrial conference has been scheduled for October 6, 2016. Upon the completion of discovery, the Proceeding will be trial ready, making withdrawal of the reference appropriate.

Under these circumstances, judicial economy and efficiency are best served by withdrawal of the reference so the District Court can preside over the jury trial demanded by Defendants upon the completion of discovery, allowing the Proceeding to be resolved in the most expeditious manner possible.

## BACKGROUND

### I.   STARR AND BRISTOL PLEAD GUILTY TO CRIMINAL CHARGES

Kenneth Ira Starr ("Starr") served as financial advisor and tax account to many clients, including Defendants from 2007 to 2009.

1

In May 2010, the United States commenced a criminal proceeding against Starr alleging that Starr, through his wholly-owned companies Starr Investment Advisors, LLC and Starr & Company, LLC (together with Starr, the "Debtors"), committed fraud and misappropriated client funds.  (Declaration of Jeffrey Chubak, filed together herewith ("Chubak Decl.") Exhibits 1-2.)  The SEC also commenced a civil proceeding against the Debtors alleging they committed fraud and misappropriated client funds. (Chubak Decl. Exhibit 3.)   In June 2010, a receiver was appointed for the corporate Debtors in the SEC proceeding.  (Chubak Decl. Exhibits 4-5.)

In September 2010, Starr pled guilty to running a Ponzi scheme and was sentenced to 7.5 years in prison.  A restitution judgment was subsequently entered directing him to repay approximately $19 million to victims of his fraud.  (Chubak Decl. Exhibit 6.)

In December 2010, Jonathan Bristol ("Bristol"), a Winston & Strawn LLP attorney, was charged with money laundering conspiracy for helping Starr defraud his clients by affecting transfers in certain IOLA accounts he controlled.  (Chubak Decl. Exhibit 7.)  On December 16, 2010, the SEC named him as a defendant in its action against the Debtors.  (Chubak Decl. Exhibit 8.)

In January 2011, an involuntary chapter 7 bankruptcy case was commenced against Starr, and in February 2011, the receiver caused the corporate Debtors to commence chapter 7 cases. The Trustee was appointed chapter 7 trustee for the Debtors' estates.

In May 2011, Bristol pled guilty to the money laundering conspiracy charge, and was subsequently sentenced.  A restitution judgment was subsequently entered holding him jointly and severally liable with Starr on the approximately $19 million payable to fraud victims.  (Chubak Decl. Exhibits 9-10.)

2

## II.     THE PARTIES' CLAIMS

In December 2014, the Trustee commenced the Proceeding against the Defendants. The Trustee's complaint (the "Complaint") asserts two types of claims. (Chubak Decl. at Exhibit 11.) First, the Trustee seeks to recover, under breach of contract and quantum meruit theories, approximately $440,000 for alleged unpaid professional services rendered by the Debtors between December 2008 and April 2010. (Complaint ¶¶25, 36, 41.) Second, the Trustee seeks to recover approximately $550,000 for breach of an alleged implied loan agreement between the Debtors and Defendants.[1] (Complaint ¶¶28-31.)

Defendants answered the Complaint on May 10, 2016, asserting, among other things, affirmative defenses of setoff and recoupment, and counterclaims for negligence and breach of fiduciary duty for the purpose of liquidating their setoff defenses. (Chubak Decl. Exhibit 13.) Specifically, Defendants alleged the Debtors' tax advice triggered a default under a loan agreement the Debtors previously arranged for Defendants, which in turn resulted in Defendants having to pay over $850,000 in default interest after the lender commenced an arbitration proceeding in order to collect such default interest and prevailed at arbitration. (*Id*. at ¶¶6-22.) Defendants are also seeking to offset, among other things, legal fees incurred by them in connection with the arbitration, fees and expenses incurred to Defendants' subsequent tax account to correct tax returns filed by Defendants, and prejudgment interest. (*Id*. at ¶¶23-32.)

Defendants have asserted, pursuant to FED. R. BANKR. P. 7012, that each of the Trustee's claims against them and the Defendants' counterclaims against the Trustee/Debtors are non-core under 28 U.S.C. § 157(b), and that Defendants do not consent to the Bankruptcy Court's entry of

---

[1]    The Complaint states it seeks the recovery of $594,796. In his opposition to Defendants' motion to dismiss the implied loan agreement claims, the Trustee acknowledged this was a miscalculation and that he only seeks to recover transfers totaling approximately $550,000. (Chubak Decl. Exhibit 12, pp.8-10, and accompanying Declaration of Vinay Argawal ¶¶3-5.)

final orders on such claims. In addition, the Defendants have demanded a jury trial with respect to all such claims. (Answer ¶¶7, 33.) Moreover, Defendants have not filed a proof of claim against the Debtors.

### III. DISCOVERY IS SCHEDULED TO BE COMPLETED BY SEPTEMBER 30, 2016

Pursuant to a scheduling order, entered May 11, 2016, discovery in the Proceeding is to be completed by September 30, 2016 and a final pretrial conference has been scheduled for October 6, 2016. (Chubak Decl. Exhibit 14.)

### ARGUMENT

### I. STANDARD FOR WITHDRAWAL OF THE REFERENCE

The Proceeding was referred to the Bankruptcy Court pursuant to 28 U.S.C. § 157(a) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). Nevertheless, the District Court is empowered to withdraw the reference of the Proceeding to the Bankruptcy Court for cause pursuant to 28 U.S.C. § 157(d). Courts in this district consider the following factors in evaluating if cause exists to withdraw the reference: whether the claim or proceeding is core or non-core, considerations of judicial and party economy, uniformity of bankruptcy administration, and prevention of forum shopping. *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1101 (2d Cir. 1993).

### II. THE RELEVANT *ORION* FACTORS FAVOR WITHDRAWAL

#### A. The District Court Must Preside over the Trial

Withdrawal of the reference is appropriate as the District Court must preside over the trial over the parties' claims. Discovery is scheduled to close on September 30, 2016; the Defendants have not filed a proof of claim; the Trustee's claims and Defendants' counterclaims are all non-

4

core, and thus cannot be finally determined by the Bankruptcy Court under 28 U.S.C. § 157(c)(1);[2]

and Defendants have made a jury demand and have not consented to a jury trial in the Bankruptcy Court.

Under these circumstances, the trial cannot proceed in the Bankruptcy Court because the Bankruptcy Court lacks constitutional authority to adjudicate the parties' claims and cannot

---

[2] The Trustee's breach of contract and quantum meruit claims are non-core. It is well established that "[a] breach of contract action by a debtor against a party to a pre-petition contract who has filed no claim with the bankruptcy court" is paradigmatically non-core. *Orion*, 4 F.3d at 1102; *see also N. Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 53, 87 n.40 (1982) (bankruptcy court could not constitutionally decide state law contract claim). Quantum meruit claims are likewise non-core, as they do not require the construction of the Bankruptcy Code for their determination. *Dev. Specialists, Inc. v. Peabody Energy Corp. (In re Coudert Bros. LLP)*, No. 11-cv-4949, 2011 WL 7678683, at *4 (S.D.N.Y. Nov. 23, 2011).

Paragraph 7 of the Complaint states the Trustee's claims are core under 28 U.S.C. § 157(b)(2)(A) and (O), which provide that core proceedings include "matters concerning the administration of the estate" and "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor … relationship," respectively. However, the Second Circuit rejected this argument in *Orion*. In *Orion*, the District Court held a breach of contract claim was core because it concerned estate administration under 28 U.S.C. § 157(b)(2)(A). 4 F.3d at 1102. In overruling that conclusion, the Second Circuit stated:

> The problem with the [District Court's] approach is that it creates an exception to *Marathon* that would swallow the rule. Any contract action that the debtor would pursue against a defendant presumably would be expected to inure to the benefit of the debtor estate and thus "concern[s]" its "administration." Nonetheless, the Adversary Proceeding remains a prepetition contract action that the Supreme Court held in *Marathon* may not be finally adjudicated by a non-Article III judge … While it is clear that Congress intended § 157(b)(2)(A)'s designation of matters relating to the administration of the estate as core to encompass a wide range of matters, there is no evidence of any Congressional intent to contravene the Supreme Court's holding in *Marathon*.

*Id*. For similar reasons, the Trustee's breach of contract claims are not core under section 157(b)(2)(O). *See*, *e.g.*, *Bianco v. Hoehn (In re Gaston & Snow)*, 173 B.R. 302, 305 (S.D.N.Y. 1994) (quoting *In re GF Corp.*, 127 B.R. 384, 387 (Bankr. N.D. Ohio 1991)) ("The core proceeding 'catchall' examples [subsections (A) and (O)] must not be so widely applied as to obliterate the core/non-core distinction itself").

Defendants' negligence and breach of fiduciary duty counterclaims are likewise non-core. *Peterson v. 610 W. 142 Owners Corp. (In re 610 W. 142 Owners Corp.)*, 219 B.R. 363, 370 (Bankr. S.D.N.Y. 1998) ("Here, these state law causes of action for breach of fiduciary duty and negligence arose prepetition. They do not involve the application of bankruptcy law and are therefore non-core"); *Matter of Del. & Hudson Ry. Co.*, 122 B.R. 887, 894 (D. Del. 1991) (same).

conduct a jury trial under 28 U.S.C. § 157(e).  *Orion*, 4 F.3d at 1101 (where "a case is non-core and a jury demand has been filed, [the] district court might [well] find that the inability of the bankruptcy court to hold the trial constitutes cause to withdraw the reference"); *In re Official Comm. of Unsecured Creditors v. Amlicke (The VWE Group, Inc.)*, 359 B.R. 441, 446 (S.D.N.Y. 2007) ("Under *Orion*, the court's findings that the claim is non-core coupled with the defendants' jury demand is sufficient cause to withdraw the reference"); *Hassett v. BancOhio Nat'l Bank*, 172 B.R. 748, 755 (S.D.N.Y. 1994) ("The fact that an adversary proceeding concerns non-core matters for which the right to a jury trial is available is sufficient cause for discretionary withdrawal of reference").

### B. Considerations of Efficiency Support Withdrawal of the Reference

Considerations of judicial and party economy also favor reference withdrawal.  Because none of the claims asserted in the Proceeding are core (*see* note 2, *supra*), the Bankruptcy Court's role would be limited to submitting proposed findings of fact and conclusions of law, all of which would be subject to *de novo* review by the District Court under 28 U.S.C. § 157(c)(1).  That the Bankruptcy Court cannot issue a final judgment on claims asserted in the Proceeding is "pivotal" to the question of reference withdrawal, *Orion*, 4 F.3d at 1102, "because if a district court must review recommendations *de novo*, 'it would be inefficient to allow the proceedings to go forward, knowing that they will have to be substantially repeated.'"  *Dynegy Danskammer, LLC v. Peabody Coaltrade Int'l Ltd.*, 905 F. Supp. 2d 526, 533 (S.D.N.Y. 2012) (quoting *Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP (In re Coudert Bros. LLP)*, 462 B.R. 457, 472 (S.D.N.Y. 2011)).  *See also Geron v. Levine (In re Levine)*, No. 11-cv-9101, 2012 WL 310944, at *4 (S.D.N.Y. Feb. 1, 2012) ("Because the case would … be withdrawn from the Bankruptcy Court for the purposes of trial, efficient use of judicial resources counsels in favor of withdrawal"); *Solutia v. FMC Corp.*, No. 04-cv-2842, 2004 WL 1661115, at *3 (S.D.N.Y. July 27, 2004)

(granting withdrawal to avoid "having two courts administer two rounds of briefing and argument on the same issues").

Withdrawal of the reference would also relieve the parties from having to engage in duplicative evidentiary submissions and legal arguments in proceedings before both the Bankruptcy Court and the District Court.

### C. The Other *Orion* Factors are Not Implicated

The remaining *Orion* factors, namely, uniformity of bankruptcy administration and forum shopping, are neutral. As noted above, the Bankruptcy Court lacks final adjudicative authority as to Defendants, making withdrawal appropriate. Upon such a determination, "the remaining *Orion* considerations will often tend to point towards withdrawal." *Dev. Specialists*, 462 B.R. at 467; *see also Kirschenbaum v. FDIC (In re EMS Fin. Servs., LLC)*, 491 B.R. 196, 205 (E.D.N.Y. 2013) ("In light of the Court's findings that this is a non-core matter, the Court finds that the remaining *Orion* factors weigh in favor of withdrawing the reference").

### CONCLUSION

For the foregoing reasons, Defendants respectfully request that the District Court withdraw the reference of the Proceeding to the Bankruptcy Court and grant such additional relief as it deems appropriate.

Dated: July 21, 2016  
       New York, New York

STORCH AMINI & MUNVES PC

/s/ Jeffrey Chubak  
Bijan Amini  
Avery Samet  
Jeffrey Chubak  
140 East 45th Street, 25th Floor  
New York, New York 10017  
(212) 490-4100

*Attorneys for Defendants and Counterclaim Plaintiffs*