## EXHIBIT 5

**Starr Civil Order Appointing Permanent Receiver**

```
USDC SDNY
DOCUMENT SEIN
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/8/10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------

SECURITIES AND EXCHANGE COMMISSION,    :   10-cv-4270 (SHS)

       Plaintiff,                         :   Preliminary Injunction

       - against -                        :   ORDER

KENNETH IRA STARR, STARR INVESTMENT     :
ADVISORS, LLC, and STARR & COMPANY, LLC,

       Defendants                         :

DIANE PASSAGE and COLCAVE, LLC          :

       Relief Defendants.                 :

-----------------------------------------------------------------------

      Upon the application of the Plaintiff Securities and Exchange Commission

("Commission") for an order:

1.     Preliminarily enjoining Defendants Kenneth Ira Starr ("Starr"), Starr Investment

      Advisors, LLC, ("SIA"), and Starr & Company, LLC ("Starrco") (collectively,

      the "Defendants") from violating Sections 206(1) and 206(2) of the Advisers Act

      [15 U.S.C. §§ 80b-6(1), (2)], and SIA from violating Section 206(4) of the

      Advisers Act [15 U.S.C. §§ 80b-6(4)] and Rule 206(4)-2(a)(1) promulgated

      thereunder [75 C.F.R. § 275.206(4)-2(a)(1)];

2.     Freezing the assets of the Defendants and the Relief Defendants Diane Passage

      ("Passage") and Colcave LLC ("Colcave") (collectively, the "Relief

      Defendants");

3.     Requiring the Defendants and Relief Defendants to provide accountings;

4.      Preventing the Defendants and Relief Defendants from destroying, concealing, or
        altering any books, records, documents, electronic data or computer files;

5.      Appointing a receiver for SIA, Starrco, and Colcave;

6.      Preliminarily enjoining Defendants and Relief Defendants from filing a
        bankruptcy proceeding without at least 3 days notice to Plaintiff and approval of
        this Court; and

and upon the Commission's Complaint, the Declaration of Todd D. Brody, the

Declaration of Robert H. Murphy, the Affidavit of George O'Kane and the exhibits

thereto, the Memorandum of Law submitted by the Commission in support of its

Application for Order to Show Cause, Temporary Restraining Order, Asset Freeze and *and all of the prior proceedings and submissions in this case, and*

Other Relief, and the First Report of the Interim Monitor, Aurora Cassirer, due

consideration having been had thereon.

        Based on the foregoing, the Court finds that a proper showing has been made for

the relief granted herein in that the Commission has made a sufficient and prima facie

showing that:

        (i)     Defendants have engaged in violating Sections 206(1) and 206(2) of the
                Advisers Act [15 U.S.C. §§ 80b-6(1), (2)], and SIA has engaged in
                violating Section 206(4) of the Advisers Act [15 U.S.C. §§ 80b-6(4)] and
                Rule 206(4)-2(a)(1) promulgated thereunder [75 C.F.R. § 275.206(4)-
                2(a)(1)] as charged in the Complaint;

        (ii)    There is a likelihood that these violations will continue unless enjoined;

        (iii)   Unless enjoined, there is a likelihood that Defendants may dissipate,
                conceal, or transfer from the jurisdiction of this Court assets which could

2

be subject to an order of disgorgement of ill-gotten gains or an order to
pay civil penalties in this action;

(iv)     The appointment of a receiver is necessary to:  (i) preserve the status quo,
(ii) prevent Defendants from further misappropriating customer funds, (iii)
preserve Defendants' and Relief Defendants' assets in order to prevent the
diminution of the value of those assets, (iv) ascertain the true financial
condition of the Defendants and Relief Defendants, and the disposition of
client funds, (v) prevent the encumbrance or disposal of property or assets
of the Defendants and Relief Defendants.

**NOW, THEREFORE,**

**I.**

**IT IS HEREBY ORDERED,** that pending final adjudication of this matter,
Defendants, and each of them, their agents, servants, employees, and attorneys-in-fact,
and those persons in active concert or participation with them who receive actual notice
of this Order by personal service, facsimile service, or otherwise, are preliminarily
enjoined from future violations of Sections 206(1) and 206(2) of the Advisers Act .

**II.**

**IT IS FURTHER ORDERED,** that pending final adjudication of this matter,
SIA and each of its agents, servants, employees, and attorneys-in-fact, and those persons
in active concert or participation with SIA who receive actual notice of this Order by
personal service, facsimile service, or otherwise, are preliminarily enjoined from future

3

violations of Section 206(4) of the Advisers Act and Rule 206(4)-2(a)(1) promulgated thereunder.

## III.

**IT IS FURTHER ORDERED,** that pending final adjudication of this matter, the Defendants and the Relief Defendants, their officers, agents, servants, employees, and attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, or otherwise shall hold and retain within their control, and otherwise prevent any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, hypothecation, concealment, or other disposal of any assets, funds, or other property (including, but not limited to, money, real or personal property, securities, choses in action, deposits, claims, and other intangibles) wherever situated, currently held by them or under their control for, on behalf of, or for the direct or indirect benefit of the Defendants and the Relief Defendants.

## IV.

**IT IS FURTHER ORDERED,** that pending final adjudication of this matter, the Defendants and the Relief Defendants, their officers, agents, servants, employees, and attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, or otherwise shall be enjoined and restrained from filing a bankruptcy proceeding on behalf of any of the Defendants or Relief Defendants without at least 3 days notice to Plaintiff and approval of this Court.

4

V.

**IT IS FURTHER ORDERED,** that pending final adjudication of this matter, all
of the banks, brokerage institutions, securities dealers, other financial institutions,
insurance companies, debtors or bailees, trustees, and other persons or entities holding
any assets, funds, or other property of Defendants or Relief Defendants, hold and retain
within their control and prohibit the withdrawal, removal, transfer, or other disposal of
such assets, funds, or other properties.

VI.

**IT IS FURTHER ORDERED** that Defendants and Relief Defendants shall file
with the Court and serve on the Commission, within three (3) business days following
service of this Order, a list of all accounts at all banks, brokerage firms or financial
institutions (including the name of the financial institution and the name and number on
the account), telephone or facsimile transmission numbers (including numbers of pagers
and mobile telephones), electronic mail addresses, World Wide Web sites or Universal
Records Locators, Internet bulletin board sites, online interactive conversational spaces or
chat rooms, Internet or electronic mail service providers, street addresses, postal box
numbers, safety deposit boxes, and storage facilities used or maintained by them or under
their direct or indirect control, at any time from January 1, 2005 to the present.

VII.

**IT IS FURTHER ORDERED,** that pending final adjudication of this matter, the
Defendants and Relief Defendants, and any person or entity acting at their direction or on
their behalf are restrained from destroying, altering, deleting or concealing any
documents, including electronically stored information, in the possession, custody, or

5

control of the Defendants and Relief Defendants, their agents, employees, servants, accountants, banks, and attorneys that relate, directly or indirectly, to the allegations of the Complaint herein. This paragraph applies to all forms of information, including but not limited to, information stored on computer memory or posted on, made available in, or sent or received through, electronic mail, the World Wide Web, Internet news groups, electronic bulletin board systems, online interactive conversational spaces or chat rooms, classified advertising sections of any online services, fax-back services, or in any other location accessible by modem communications.

## VIII.

**IT IS FURTHER ORDERED,** that Defendants shall file with this Court and serve upon the Commission, within three (3) business days, or within such extension of time as the Commission staff agrees to, a verified written accounting, signed by each such Defendant, and under penalty of perjury, setting forth: (1) all transfers of funds or securities made by customers of Defendants from January 1, 2005 through the present; (2) the purpose for each transfer of funds or securities; (3) the account controlled by Defendants or their agents or servants to which such transfer of funds or securities was made; (4) the accounts to which such funds or securities were ultimately sent. Such accounting should be accompanied with backup documentation demonstrating the validity and accuracy of the information provided.

## IX.

**IT IS FURTHER ORDERED,** that Defendants and Relief Defendants shall file with this Court and serve upon the Commission, within three (3) business days, or within such extension of time as the Commission staff agrees to, a verified written accounting,

6

signed by each such Defendant and Relief Defendant, and under penalty of perjury,

setting forth: (1) all assets, liabilities and property currently held, directly or indirectly,

by or for the benefit of each such Defendant and Relief Defendant, including, without

limitation, bank accounts, brokerage accounts, investments, business interests, loans,

lines of credit, and real and personal property wherever situated, describing each asset

and liability, its current location and amount; (2) all money, property, assets and income

received by each such Defendant and Relief Defendant for his or her direct or indirect

benefit, at any time from January 1, 2005 through the date of such accounting, describing

the source, amount, disposition and current location of each of the items listed; (3) the

names and last known addresses of all bailees, debtors, and other persons and entities that

currently are holding the assets, funds or property of each such Defendant and Relief

Defendant; and (4) all assets, funds, securities, and real or personal property received by

each such Defendant or Relief Defendant, or any other person controlled by them, from

persons who provided money to the Defendants and Relief Defendant in connection with

the offer, purchase or sale of securities, from January 1, 2005 to the date of the

accounting, and the disposition of such assets, funds, securities, real or personal property.

Such information should be accompanied with backup documentation demonstrating the

validity of the information provided.

**X.**

**IT IS FURTHER ORDERED,** that _Aurora Cassine Esq_ be, and

hereby is, appointed to act as receiver for Defendants SIA and Starrco and for Relief

Defendant Colcave. The receiver is hereby empowered to:

7

A.      Take and retain immediate possession, custody, and control of all assets
        and property and the books and records of original entry of SIA, Starrco,
        and Colcave;

B.      Take all steps he/she deems necessary to secure and protect the assets and
        property of SIA, Starrco, and Colcave, including but not limited to the
        premises, files, and information systems;

C.      Engage and employ persons, in his/her discretion, to assist him/her in
        carrying out his duties and responsibilities hereunder, including
        accountants, attorneys, and experts;

D.      Acquire and retain all rights and powers which SIA, Starrco, and Colcave
        have to manage, control, operate and maintain their businesses (including,
        but not limited to, the power to direct, hire, suspend, and terminate
        personnel), and to possess, receive, or use income, earnings, rents, and
        profits with full power to commence, maintain, defend or participate in
        legal proceedings, to sue for, collect, receive and take into possession all
        goods, chattels, rights, general intangibles, choses in action, credits,
        monies, effects, lands, books and records of account, and other papers,
        including exclusive authority to make expenditures on behalf of SIA,
        Starrco, and Colcave, with a view to preventing loss, damage, and injury
        to public investors, and preserving assets and the records of SIA, Starrco,
        and Colcave;

E.      Notwithstanding Paragraph III and V above, the receiver shall have the
        power to open and close bank accounts, securities accounts and

8

commodities accounts; to purchase or sell securities and commodities contracts in any such account of SIA, Starrco, and Colcave; and to execute checks or otherwise disburse money from those bank or securities accounts of SIA, Starrco, and Colcave to pay its obligations in the normal course of business;

F.  If appropriate, file for relief and protection under the Federal Bankruptcy Code, on behalf of any of SIA, Starrco, and/or Colcave, after notice to all parties in this action;

G.  Report to the Court and the parties ~~within 30 days~~ _periodically,_ the following information for SIA, Starrco, and Colcave:

    1.  The amount of cash on hand;

    2.  The amounts remaining due or owed ~~as of the close of business on~~ _by_ ~~2010~~ to SIA, Starrco, and/or Colcave clients.

    3.  Any other monthly income and expenses of SIA, Starrco and Colcave;

H.  Report to the Court ~~and the parties by _____, 2010, subject to such reasonable extensions as the Court may grant,~~ _periodically_ the following information for SIA, Starrco, and Colcave:

    1.  all assets, liabilities, money, funds, securities, and real or personal property currently held directly or indirectly by or for the benefit of SIA, Starrco and Colcave and each of their controlled, related or affiliated entities, including, but not limited to, bank accounts, brokerage accounts, investments, business interests, and real and

9

personal property, wherever situated, identifying and describing each asset and liability, its current location and amount;

2.    all money, assets, funds, securities, and real or personal property received by SIA, Starrco and/or Colcave for SIA's, Starrco's and/or Colcave's direct or indirect benefit, at any time from January 1, 2005, to the date of the accounting, describing the source, amount, disposition and current location of each of the items listed;

3.    all money, assets, funds, securities, and real or personal property disbursed by SIA, Starrco and/or Colcave for the direct or indirect benefit of Starr or Passage, at any time from January 1, 2005, to the date of the accounting, describing the source, amount, and date of disbursement of each of the items listed;

4.    the names, last known addresses, and account-identifying information of all financial institutions, bailees, creditors, and other persons and entities that are currently holding any money, assets, funds, securities, real or personal property for the direct or indirect benefit of Defendants or Relief Defendants; and

I.    Receive service of process or legal papers on behalf of SIA, Starrco, and SIA; and

J.    Take such further action as the Court shall deem equitable, just and appropriate under the circumstances upon proper application.

10

## XI.

**IT IS FURTHER ORDERED,** that Defendants and Relief Defendants shall repatriate all assets held outside of the United States and that such assets shall be subject to paragraphs III and IV above.

## XII.

**IT IS FURTHER ORDERED,** that pending final determination of this action, a constructive trust shall be imposed on the apartment owned by Colcave at 433 East 74th Street, New York, NY.

Issued at //:00 m., at New York, New York, this day of June 2010

UNITED STATES DISTRICT JUDGE

11